IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ERIC ODOM**                                                                                **PLAINTIFF**
**ADC #150492**

v.                      No: 4:19-cv-00294 DPM-PSH

**LUCAS EMBERTON,** *et al.*                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Eric Odom, who is incarcerated at the Van Buren County Detention Center,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2). Having reviewed Odom's complaint, the undersigned finds that Odom fails to describe facts sufficient to state a claim for relief and recommends dismissal of his complaint.

---

[1] Odom's complaint indicates that he is in jail awaiting trial and also in jail on a parole violation. Doc. No. 2 at 3. The Arkansas Department of Corrections' website lists Odom as an inmate on the Van Buren County Waiting List. *See* https://apps.ark.org/inmate_info/search.php.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Construing Odom's complaint liberally, it appears he attempts to state Eighth Amendment deliberate-indifference claims based on the conditions of his confinement. Odom claims the defendants were deliberately indifferent to his needs in several ways. He is unhappy with the diet provided; he complains that his cell is too bright to sleep more than five and a half hours a night; and he alleges the cooks and servers do not wear hair or facial nets while

cooking, serving, and handing out food trays. Doc. No. 2 at 4-6. Odom also complains about the detention center's failure to follow jail policy. *Id.* at 4 & 8-10.

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on an Eighth Amendment claim, an inmate must show: (1) the condition was serious enough to deprive him of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmate's health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed. Appx. 906 (8th Cir. 2002) (unpub. per curiam); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

***Diet.*** Prisoners have a right to adequate nutrition, and failure to provide it may constitute deliberate indifference that violates the Eighth Amendment. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). While an inmate is not generally entitled to receive a particular type of food, if the food provided is not nutritionally adequate, the Eighth Amendment may be implicated. *See Burgin v. Nix*, 899 F.2d 733 (8th Cir. 1990). Odom claims that the food menu does not change on a weekly basis and that inmates are not given fruit, red meat, oatmeal, peanut butter, nuts, or a sufficient amount of green vegetables. Doc. No. 2 at 4-5. Odom does not claim that he has been denied food or that the diet provided fails to provide sufficient calories or nutrition. Odom does not describe any injury he has suffered as a result of the jail's diet.[2] Odom fails to state sufficient facts to show

---

[2] Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519

that he has been denied the minimal civilized measure of life's necessities or subjected to a substantial risk of serious harm by the diet provided.

***Sleep.*** Odom also complains that he can only sleep five to five and a half hours a night due to light shining in his eyes. Sleep deprivation can support an Eighth Amendment claim as sleep deprivation has long been recognized as an effective tool of torture. *See Reck v. Pate*, 367 U.S. 433 (1961). Odom, however, does not allege that he is completely deprived of sleep or that he is getting too little sleep to adequately function. In fact, he does not describe any injury he has suffered as a result of getting only five to five and a half hours of sleep per night. This is insufficient to state a viable constitutional claim. *See e.g., Muick v. Reno,* Case No. 03–1725, 2003 WL 22952703, at *2 (8th Cir. Dec. 10, 2003) (unpublished opinion) (alleged lighting problems in special housing unit were not sufficiently serious to violate prisoner's Eighth Amendment rights); *Biesanz v. Ferguson*, No. 10-5017, 2012 WL 601585, at *7 (W.D. Ark. Jan. 19, 2012), *report and recommendation adopted,* No. CIV. 10-5017, 2012 WL 601590 (W.D. Ark. Feb. 23, 2012) (court found no constitutional violation where plaintiff who slept approximately four hours a night did not appear to seek any medical or other help for his sleeplessness and did not testify as to any other physical impairment caused by constant lighting). *See also Shepherd v. Ault*, 982 F. Supp. 643, 645 (N.D. Iowa 1997) (providing a thorough description of cases examining constant illumination as a constitutional violation).

---

F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

*Lack of Hair/Facial Nets.* Odom's allegation that the "cooks, servers, and jailers do not wear hair nets or facial nets while cooking, serving or handing out trays," Doc. No. 2 at 6, does not state a viable constitutional claim. Odom does not describe how the failure to wear hair or facial nets puts him at substantial risk of harm or that it has actually harmed him. *See e.g., Bradley v. Aviands Food Servs.*, No. 4:15-CV-264-JCH, 2015 WL 851367, at *3 (E.D. Mo. Feb. 26, 2015) (complaint alleging food service workers did not wear hair nets dismissed as legally frivolous).

*Grievance Procedure and Detention Center Policies.* Odom complains that defendants did not follow the jail handbook with respect to the grievance procedure and did not follow other jail policies. Doc. No. 2 at 4 & 8-10. Inmates do not have a constitutionally protected right to a grievance procedure. *See McClinton v. Arkansas Dep't of Corr.,* 166 F. App'x 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996)). Likewise, the failure to follow prison policy is not a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, Odom's claims regarding grievances are not actionable under section 1983.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Odom's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE